October 23, 2020

**BY CM/ECF**

The Honorable John P. Cronan
United States District Judge
United States Courthouse
500 Pearl Street
New York, NY 10007

      Re:    **CAI Rail Inc. v. Badger Mining Corporation,
                  Civil Action No.: 1:20-cv-04644**

Dear Judge Cronan:

      This is the parties' joint letter pursuant to this Court's Notice of Reassignment and Order for Case Report [ECF 35].

1. **Names of counsel and current contact information, if different from the information currently reflected on the docket**:

   As indicated in the docket.

2. **A brief statement of the nature of the case and/or the principal defenses thereto:**

   On October 23, 2014, CAI Rail, Inc. ("CAI Rail") and Badger Mining Corporation ("Badger Mining") entered into the Master Lease dated October 23, 2014 and associated Rail Car Schedule BDGR-702 (the "Schedule") (together, collectively the "Lease Documents").  The Lease Documents govern the lease of one hundred (100) 3280 cu. ft. capacity covered hopper rail cars (the "Cars").

   On May 18, 2020, CAI Rail contends that it gave written notice to Badger of Badger's default under the Lease Documents ("Default"), demanding certain payments and return of the Cars.

   CAI Rail contends that after its May 18, 2020 Default continues to invoice Badger for payments. On July 3, 2020, Badger – in default according to CAI Rail - paid $68,310 but has made no other payments.  According to CAI Rail, as of September 4, 2020 as provided in the Lease Documents, Badger owes CAI Rail at least $273,240 in overdue (and un-accelerated) payments, none of which have been paid to CAI Rail.

   CAI Rail maintains that Badger remains in default of the lease.  CAI Rail claims that it has never rescinded the Default.  CAI Rail also claims that it has, as the Lease Documents provide, applied Badger's late payments against the total amounts due and overdue as the Lease Documents also provide. The Lease Documents provide for

The Honorable John P. Cronan
October 23, 2020
Page 2

acceleration of all amounts due on Badger's default.  With that acceleration, the amount due from Badger to CAI Rail exceeds $2,000,000 according to CAI Rail.

Each of the Cars has a transponder.  The car transponders report that Badger has continued to use over 30 of the Cars according to CAI Rail.  To date, Badger has not returned any of the Cars to CAI Rail's re-delivery location.

Badger disputes CAI Rail's assertions. Badger contends that CAI Rail has not terminated the Lease Documents or sent written notice of default consistent with the Lease Documents. In addition, Badger has raised two principal affirmative defenses to liability: (1) CAI Rail's claims are barred, in whole or in part, by the doctrines of impossibility and frustration of purpose; and (2) CAI Rail's claims are barred, in whole or in part, by the doctrine of waiver. Badger further asserts that CAI Rail has failed to mitigate its damages. Rather, Badger contends that CAI Rail has taken steps to increase its damages after the filing of this lawsuit.

CAI Rail's claim for breach of contract (not including damages) and Badger's affirmative defenses of impossibility, frustration of purpose, and waiver are the subject of CAI Rail's pending partial summary judgment motion [CAI Rail Motion ECF 23, Badger Response, ECF 30-33, CAI Rail Reply ECF 34]

3. **A brief explanation of why jurisdiction and venue lie in this Court. In any action in which subject matter jurisdiction is founded on diversity of citizenship pursuant to Title 28, United States Code, Section 1332, the letter must explain the basis for the parties' belief that diversity of citizenship exists. Where any party is a corporation, the letter shall state both the place of incorporation and the principal place of business. In cases where any party is a partnership, limited partnership, limited liability company, or trust, the letter shall state the citizenship of each of the entity's members, shareholders, partners, and/or trustees**:

This Court has jurisdiction pursuant to 28 U.S.C. § 1332. The parties are corporations incorporated, and with their principal places of business, in different states and the amount in controversy exceeds $75,000 exclusive of costs and interest.

Furthermore, the parties have by contract agreed to venue in this Court and personal jurisdiction of this Court over Badger.  CAI Rail is a Delaware corporation with its principal business place in San Francisco.  CAI Rail leases rail equipment, including one hundred (100) 3280 cu. ft. capacity covered hopper rail cars leased to Badger to and including the purported May 18, 2020 termination of CAI Rail's lease with

The Honorable John P. Cronan
October 23, 2020
Page 3

    Badger. Badger is a mining corporation incorporated and with its principal business place in Wisconsin, and leased rail equipment from CAI Rail.

4. **A statement of all existing deadlines, due dates, and/or cut-off dates**:

   All deadlines are as set forth in this Court's Civil Case Management Plan and Scheduling Order dated August 27, 2020 [ECF 19]. The remaining deadlines are the following:

   | | |
   |---|---|
   | November 6, 2020 | Fact discovery, deposition completion |
   | November 20, 2020 | Joint status letter due, Pre-motion conference |

5. **A statement and description of any pending appeals**:

   No pending appeals.

6. **A detailed statement of all discovery undertaken to date, including how many depositions each party has taken and what, if any, discovery remains that is essential for the parties to engage in meaningful settlement negotiations**:

   On August 21, 2020, Badger Mining served CAI Rail with document requests and interrogatories, to which CAI Rail responded on September 21, 2020. CAI Rail produced approximately 100 pages of documents on September 24, 2020. Badger took the deposition of one of CAI Rail's managers, Freddy Fernandez, on October 20, 2020. There is no remaining essential discovery after the completion of Mr. Fernandez's deposition.

7. **A list of all prior settlement discussions, including the date, the parties involved, and the approximate duration of such discussions, if any**:

   CAI Rail and Badger have engaged in prior direct settlement discussions in June and July 2020, which were unsuccessful.

8. **A statement of whether the parties have discussed the use of alternate dispute resolution mechanisms and indicating whether the parties believe that (a) a settlement conference before a Magistrate Judge; (b) participation in the District's Mediation Program; and/or (c) retention of a privately retained mediator would be appropriate and, if so, when in the case (e.g., within the next**

The Honorable John P. Cronan
October 23, 2020
Page 4

>  **sixty days, after the deposition of plaintiff is completed, after the close of fact discovery, etc.) the use of such a mechanism would be appropriate:**
>
>  Yes. The parties discussed the use of alternate dispute resolution mechanisms, but the parties do not believe that alternative dispute resolution would be helpful in this case.
>
>  9. **An estimate of the length of trial**:
>
>  One (1) day trial to the Court.
>
>  10. **Any other information that the parties believe may assist the Court in advancing the case to settlement or trial, including, but not limited to, a description of any dispositive or novel issue raised by the case**:
>
>  At the August 27, 2020 case conference with the Court, counsel and the Court discussed the CAI Rail claims. Badger counsel told the Court that one of the reasons that Badger Mining had not returned the Cars – notwithstanding the purported lease termination – was the CAI Rail had not given Badger a return location as required by the Lease Documents and stated in the May 18, 2020 letter..
>
>  Consequently, CAI Rail believed that if the cars were returned that most if not all of the Trespass (Count II), Specific Performance (Count III), and Conversion (Count IV) claims, all directed to Badger's alleged continued, post-lease retention of the CAI Rail cars, would be resolved. On Friday, August 28th, CAI Rail by counsel emailed Badger by counsel, with a return location in Nebraska.
>
>  The initial return location was Viper Rail facilities in Nebraska; CAI Rail by counsel followed up with Badger counsel on September 5th, that the Cars instead should be returned to the nearby Nebraska facilities of Omnitrax. To date, Badger Mining has not returned the Cars to the return location in Nebraska. The estimated cost to transport the Cars from Wisconsin to Nebraska is more than $300,000, not including the cost of storage of the Cars after re-delivery. In the same September 5th email, CAI Rail stated that it was invoking a provision of the Lease Documents to increase the monthly rent on each car by 50%. Based on these transportation and storage costs, the dispute over termination, and the pending motion for partial summary judgment, Badger has not voluntarily returned the Cars.
>
>  On September 24, 2020, CAI Rail filed a pre-motion letter requesting that the Court permit it to move for partial summary judgment on Badger Mining's liability on CAI

The Honorable John P. Cronan
October 23, 2020
Page 5

       Rail's claims for Trespass (Count II), Specific Performance (Count III), and Conversion (Count IV).  [ECF 26]

       On September 30, 2020, Badger filed a letter opposing CAI Rail's request to move for partial summary judgment.  [ECF 33]

                     Respectfully Submitted,

| /s/ J. Stephen Simms | /s/ David R. Konkel (/jss with permission) |
|---|---|
| J. Stephen Simms | David R. Konkel |
| Simms Showers LLP | GODFREY & KAHN, S.C. |
| 201 International Circle | David R. Konkel |
| Baltimore, Maryland 21030 | 833 East Michigan Street, Suite 1800 |
| Phone: 443-290-8704 | Milwaukee, WI 53202-5615 |
| Fax: 410-510-1789 | Phone: 414-287-9348 |
| jssimms@simmsshowers.com | Fax: 414-273-5198 |
| | Email: dkonkel@gklaw.com |
| Counsel for CAI Rail, Inc. | Counsel for Badger Mining Corporation |